UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CHARLES L. ATKINSON and JUDY L. )
ATKINSON, husband and wife, )
                                            )     3:10-CV-00418-LRH-VPC
          Plaintiffs, )
                                            )
v. )     <u>ORDER</u>
                                            )
HOMECOMINGS FINANCIAL, LLC, et al., )
                                            )
          Defendants. )

Before the court is Plaintiffs Charles L. Atkinson and Judy L. Atkinson's (collectively "Plaintiffs") Motion to Remand (#2[1]).  Defendants Homecomings Financial, LLC, GMAC Mortgage Company, Executive Trustee Services LLC, and Mortgage Electronic Registration System, Inc. (collectively "Defendants") have filed a notice of non-opposition (#6).

**I.    Facts and Procedural History**

On June 1, 2010, Plaintiffs filed a complaint with the Second Judicial District Court, County of Washoe, State of Nevada.  Doc. #1, Exhibit 1.  Plaintiffs allege ten causes of action: (1) injunctive relief; (2) declaratory relief; (3) violation of Nevada's Fair Debt Collection Practice Act; (4) violation of Nevada's Unfair and Deceptive Trade Practices Act; (5) violation of Nevada's Unfair Lending Practices Act; (6) breach of good faith and fair dealing; (7) wrongful foreclosure; (8) quiet title; (9) fraud through omission; and (10) fraud in the inducement.  *Id.*

---

[1]Refers to the court's docket entry number.

On July 9, 2010, Defendants removed the action to federal court based upon federal question jurisdiction (#1). Thereafter, Plaintiffs filed the present motion to remand.

**II.      Legal Standard**

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1447(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

**III.     Discussion**

A case may be removed to federal court if the action arises under federal law. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1441. A case arises under federal law if the complaint establishes that federal law created the cause of action or that the plaintiff's right to relief "requires resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 382 (1987) ("federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint").

Plaintiffs' complaint alleges ten causes of action: (1) injunctive relief; (2) declaratory relief; (3) violation of Nevada's Fair Debt Collection Practice Act; (4) violation of Nevada's Unfair and Deceptive Trade Practices Act; (5) violation of Nevada's Unfair Lending Practices Act; (6) breach

1  of good faith and fair dealing; (7) wrongful foreclosure; (8) quiet title; (9) fraud through omission;
2  and (10) fraud in the inducement. Based on the face of the complaint, Plaintiffs only allege state
3  law claims insufficient to establish federal question jurisdiction.
4        In opposition, defendants argue that removal is proper because Plaintiffs' claims are rooted
5  in federal law thereby establishing federal question jurisdiction. *See Grable & Sons Metal Prod. v.*
6  *Darue Engineering & MFG.*, 545 U.S 308, 312 (2005) (federal question jurisdiction will lie over
7  state law claims that implicate significant federal issues). Specifically, Defendants argue that the
8  Nevada Fair Debt Collection Practices Act, Nev. Rev. Stat. 649.370, requires the interpretation of
9  federal law.[2] Therefore, defendants contend the court may exercise federal question jurisdiction.
10       However, contrary to Defendants' position, the act defines a state claim that is separate
11 from its federal counterpart. Although a federal regulation is expressly noted in the Nevada
12 statute, the reference to the federal act only provides a framework for determining the type of claim
13 that can be brought under the state statute. The fact that a violation of federal law may be a
14 predicate for the violation of state law does not automatically elevate the state claim to a claim
15 requiring "resolution of a substantial question of federal law" sufficient to establish jurisdiction.
16 *Franchise Tax Bd. of Cal*, 463 U.S. at 13. Further, Nevada courts have interpreted this statute
17 without implicating federal issues. *See e.g., State v. Hartford Accident & Indem. Co.*, 86 Nev. 817
18 (Nev. 1970) (enforcing provisions of Nev. Rev. Stat. 649).
19       Accordingly, the court finds that Plaintiffs' state law claims do not implicate significant
20 federal issues establishing federal question jurisdiction. *See e.g.*, *California ex rel. Lockyer v.*
21 *Dynegy, Inc.*, 375 F.3d 831, 841 (9th Cir. 2004) (finding that removal was proper only because the
22 state cause of action turned entirely upon the defendant's compliance with a federal regulation).
23 Further, Defendants have filed a notice of non-opposition with the court stating that they do not

---

[2] The Nevada Fair Debt Collection Practices Act provides that any violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1682 et. seq., constitutes a violation of the act. Nev. Rev. Stat. 649.370.

3

intend to oppose Plaintiffs' motion. Therefore, the motion to remand shall be granted.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand (#2) is GRANTED. The clerk of court shall REMAND the present action, 3:10-cv-0418, to the Second Judicial District Court for the State of Nevada.

IT IS SO ORDERED.

DATED this 16th day of August, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE